IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RUEBEN E. REDD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:07-cv-00463-MHT-CSC |
| | ) |
| STATE OF ALABAMA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT (DOC. 2)
OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT**

The Defendants Alabama Ethics Commission, James Sumner, in his capacity as Director of the Alabama Ethics Commission, the Alabama Personnel Department, and Jackie Graham in her capacity as Director of the Alabama Personnel Department (hereinafter, "Defendants"), by and through Troy King, Attorney General for the State of Alabama, move the Court to dismiss the Plaintiff's complaint (doc. 2) pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, the Defendants move the Court to order the Plaintiff to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). As grounds therefor, Defendants state the following:

1.   On April 3, 2000, Plaintiff Reuben Redd filed a Motion to Intervene in the case of *Crum et al., v. State of Alabama, et al.*, CV 94-T-356-N. *Crum* doc. 361. Attached to the Motion to Intervene was a Complaint-in-Intervention. The motion to intervene (*Crum* doc. 361) was granted on May 22, 2007, and this case was converted into a separate lawsuit. See doc. 1/*Crum* doc. No. 800. The complaint-in-intervention attached to the motion to intervene was filed in this case as doc. 2.

2.      Plaintiff's complaint (doc. 2) fails to state a claim against the Defendants upon which relief can be granted.

3.      Plaintiffs' allegations are broad, vague, conclusory, and without any factual support whatsoever.  Thus, Plaintiff's complaint (doc. 2) does not state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Bell Atlantic Corp. v Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  *See also Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (noting that "unsupported conclusions of law or mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal").

4.      Plaintiff brings suit under Title VII and 42 U.S.C. §§ 1981 and 1983, doc. 2 ¶ 1, relying on the following general allegations:

- The Defendants discriminated against the Plaintiff "on the basis of race in hiring, rehiring, compensation, job duty, assignments, recruitment, selection procedures, denial of promotions, discipline, training and experience, subjective decision-making practices, and other terms and conditions of employment which have resulted in disparate impact and treatment of the plaintiff-intervenor."  Doc. 2 ¶ 11.

- Plaintiff "is **employed by** the State of Alabama and its agency, **Alabama Securities Commission**.  **Throughout his employment**, [Plaintiff] has continuously sought promotions to the positions of Class Titles Senior Special Agent 11284 and Special Agent 11280.  These class titles were a reclassification of the Class Title Senior Securities Investigator, Chief Special Investigator, Securities Investigator and Special Investigator.  [Plaintiff] has applied for these positions and, after being deemed qualified, was placed on the register.  [Plaintiff] has not received any of the positions.  [Plaintiff] has been as qualified, if not more qualified than the individuals awarded these positions.  The qualifications and experience required by the State Personnel Department and the State agencies are not necessary for these and other jobs."  Doc. 2 ¶ 12 (emphasis added).

- "**Throughout his employment**, [Plaintiff] also been [sic] discriminated against in regards to job assignments, training, and experience, and other terms, conditions and privileges.  Such discriminatory denial of job assignments, training, and experience results in lower scores and rankings on applications for promotions."  Doc. 2 ¶ 13 (emphasis added).

- "This systemic discrimination further **adversely affects plaintiff's status as an employee** and other black employees by promoting and reinforcing racial stereotypes and bias in hiring, promotions, training, transfers, job assignments, job classifications, discipline, demotions, job assignments, evaluations, supervision, training, compensations, benefits and other terms, conditions and privileges of his employment."  Doc. 2 ¶ 14 (emphasis added).

5.      The Plaintiff's complaint (doc. 2) does not allege specific misconduct by the Defendants.  On the contrary, Plaintiff's complaint identifies Plaintiff's employer as the Alabama Securities Commission, doc. 2 ¶ 12, and complains generally with regard to the conditions of his employment there.

6.      The Plaintiff's complaint (doc. 2) **fails even to mention the Defendants Alabama Ethics Commission and James Sumner**, other than to state that they are entities subject to suit.   Doc. 2 ¶¶ 8 and 9.

7.      Plaintiff's complaint (doc. 2) contains only laundry lists of job-related activities and a general allegation of discrimination.  See doc. 2 ¶¶ 11, 13, and 14.

8.      Plaintiff's complaint (doc. 2) provides no relevant facts.  For example, there is no clue as to when a particular promotion was sought, much less the person who is allegedly responsible for the denial of the promotion, or who received the promotion in the Plaintiff's stead; there is no description or specification of the allegedly racially discriminatory job assignments; there is no indication of how the Plaintiff's salary is discriminatory, or as compared to whose salary, or during what period of time; there is no hint as to how job recruitment failed, or how such a failure impacted the Plaintiff; etc.

9.      Plaintiff's complaint (doc. 2) does not allocate his claims among the various Defendants, nor is there an attempt to indicate which allegations are in support of which claims.

10. The United States Supreme Court has held that a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v Twombly*, 127 S. Ct. at 1965. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 127 S. Ct. at 1964-65. Rather, the facts set forth in the complaint must be sufficient to "nudge the[ ] claims across the line from conceivable to plausible." 127 S. Ct. at 1974.

11. In Plaintiff's complaint (doc. 2), no facts are alleged to "raise a right to relief above the speculative level." Instead, all the specifics of dates, times, places, and persons are left to the imagination. Defendants are not paired with any allegation; no facts are submitted to support any claim; no allegations of intent to discriminate are made; there are no allegations of the existence of appropriate comparators, much less an identification of comparators.

12. The Eleventh Circuit has repeatedly emphasized the judicial, administrative, and societal costs imposed by broad and vague complaints. *See, e.g., Chapman v. Al Transport*, 229 F.3d 1012, 1027 (11th Cir. 2000) (describing shotgun pleading as a "serious" and "ubiquitous problem," the "evils" of which require a district court to exercise a "firm hand" in dismissing non-meritorious claims); *Byrne v. Nezhat*, 261 F.3d 1075, 1128-134 (11th Cir. 2001) (holding that, if a defendant does not move for a more definite statement, the trial court "must intervene sua sponte and order a repleader"); *Sikes v. Teleline, Inc.*, 281 F.3d 1350, 1355 n. 9 (11th Cir.2002)

("[P]laintiffs' complaint is yet another example of what we have often criticized as 'shotgun pleadings,' where each count 'incorporates' all of the preceding paragraphs and counts. We have harshly criticized such shotgun pleadings in the past, and we repeat our displeasure with this type of complaint now."); *Beckwith v. Bellsouth Telecomms., Inc.*, 146 Fed. Appx. 368, 373 (11th Cir. Aug. 22, 2005) (categorizing complaint as a "shotgun" pleading because "[o]nly a few of [plaintiff's] claims were specific as to any defendant, and the relevant facts were not segregated to each of their respective claims," making it "virtually impossible to ascertain which factual allegations correspond with each claim").

13. Because shotgun pleadings place an unfair burden on the Court and Defendants, plaintiffs are required to provide relevant facts, separating claims into counts, with facts alleged in support of each count. *See Anderson v. Dist. Bd. of Trustees of Central Florida Community College*, 77 F.3d 362, 366-67 (11th Cir. 1996) (noting that a properly pled complaint alleging multiple claims will contain separate counts).

14. Plaintiff's shotgun complaint (doc. 2) should be dismissed. In the alternative, the Plaintiff should be required to file a more definite statement of his claims.

Respectfully submitted,

**TROY KING**
**ATTORNEY GENERAL**

**s/ Margaret L. Fleming**
Margaret L. Fleming Bar Number: FLE001
Assistant Attorney General
Office of the Attorney General
11 S. Union Street
Montgomery, AL 36130
Telephone: (334) 242-7300
Fax: (334) 353-8440
E-mail: mfleming@ago.state.al.us

5

**Attorneys for Defendants Alabama Ethics Commission and James Sumner, in his capacity as Director of the Alabama Ethics Commission**

s/ Alice Ann Byrne
Alice Ann Byrne Bar Number: BYR015
State Personnel Department Legal Division
Folsom Administrative Building
64 North Union Street, Suite 316
Montgomery, AL 36130
Telephone: (334) 242-3451
Fax: (334) 353-4481
E-mail: AliceAnn.Byrne@personnel.alabama.gov

**Attorney for Defendants State Personnel Department and Jackie Graham, in her capacity as Director of the State Personnel Department**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of August, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following counsel of record: Russell W. Adams (radams@wcqp.com, kallen@wcqp.com); Rocco Calamusa, Jr. (rcalamusa@wcqp.com, twiggins@wcqp.com)

s/ Margaret L. Fleming
Margaret L. Fleming Bar Number: FLE001
Assistant Attorney General
Office of the Attorney General
11 S. Union Street
Montgomery, AL 36130
Telephone: (334) 242-7300
Fax: (334) 353-8440
E-mail: mfleming@ago.state.al.us